Paul B. Gaffney (PG 7800)
Christopher N. Manning (CM 4231)
Judith G. Becker (JB 2672)
Emily E. Thacher-Renshaw (ET 4159)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for Plaintiffs*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WARNER BROS. ENTERTAINMENT INC. and
TWENTIETH CENTURY FOX FILM CORPORATION,



                Plaintiffs,                  No.

         - against -                    **COMPLAINT**

IDEAL WORLD DIRECT, PETER ARMSTRONG,
JONATHAN DAVIES, ANTHONY ERIKSON,
MULTIMEDIA REACTOR, LLC, SAUL PULER,
MARC MOLINARO, JOHN DOE #1, JOHN DOE #2,
JOHN DOE #3, JOHN DOE #4, JOHN DOE #5,
and JOHN DOE #6

                Defendants.
------------------------------------------------------------------X

      In support of their claims for injunctive relief and damages, Plaintiffs Twentieth

Century Fox Film Corporation ("Fox") and Warner Bros. Entertainment Inc. ("Warner Bros.")

aver and allege as follows:

## INTRODUCTION

      1.      Defendants operate Internet website businesses purposefully designed to

profit from the ongoing epidemic of digital piracy of copyrighted motion pictures and television

programs. These businesses, which help consumers find and download films and television

programs without permission from the copyright owners, promote copyright infringement among unsophisticated consumers as well as sophisticated Internet thieves.

      2.     Through the design of and statements made on their websites, Defendants give Internet users the false impression that the services offered by their websites and the downloading activities they facilitate are legal.  Some of the Defendants go so far as to declare explicitly that the services they offer are "100% legal."  In fact, this statement is 100% false. Making copies of films and television programs off the Internet without the permission of the copyright owner is patently illegal, and distributing a product or service with the objective of promoting its use to infringe copyright also violates the law.

      3.     Defendants' own actions and statements make clear that inducing and fostering Internet copyright infringement of popular motion pictures and television programs is the purpose of their businesses.  By way of example, <IShareIt.com>, the website operated by Defendants Ideal World Direct and Peter Armstrong, features a list of the "Latest Downloadable Movies" that are available through the website, including many of Plaintiffs' recently released copyrighted films, accompanied by promotional images for twelve recently released copyrighted films:



4.     This action is brought by two of the principal victims of Defendants' illegal conduct.  Plaintiffs Fox and Warner Bros. are motion picture studios responsible for creating and/or distributing a significant amount of the world's filmed entertainment.  Not only do Defendants induce and foster infringement, but Defendants' websites are designed to capitalize on unsophisticated consumers who are likely to believe, incorrectly, that Defendants' film and television distribution services are authorized by motion picture studios, including Plaintiffs.  As detailed below, this conduct violates both the Copyright Act and the Lanham Act.

## THE PARTIES

5.      Plaintiff Fox is a Delaware corporation, with its principal place of business in California.

6.      Plaintiff Warner Bros. is a Delaware corporation, with its principal place of business in California.

7.      Each of these Plaintiffs owns the copyright and/or exclusive reproduction and distribution rights to many popular films and television programs, including those listed on Exhibit 1. Each of the films and television programs listed on Exhibit 1 is made available for download through Defendants' websites and has been downloaded through Defendants' websites as indicated on that exhibit. Each work listed on Exhibit 1 is the subject of a valid and enforceable Certificate of Copyright Registration from the Register of Copyrights.

8.      Defendant Ideal World Direct has its principal place of business in Delaware. Defendant Peter Armstrong resides in Delaware. Together these two defendants direct and control, and at all relevant times have directed and controlled, the activities of <ISharelt.com> and <Flixs.net>, including the wrongdoing alleged herein. Pages from <ISharelt.com>, which is substantially similar to <Flixs.net>, are attached as Exhibit 2 hereto.

9.      Defendant Jonathan Davies directs and controls, and at all relevant times has directed and controlled, the activities of <Download-Secrets.com> and <Learn.Download-Secrets.com>, including the wrongdoing alleged herein. The registrant of this website, Network Solutions of Herndon, Virginia, does not provide any information about Davies' state of residence, which will require discovery to establish. Pages from <Learn.Download-Secrets.com> are attached as Exhibit 3 hereto.

4

10.     Defendant Anthony Erikson is a resident of Massachusetts who directs and controls, and at all relevant times has directed and controlled, the activities of <MovieAdvanced.net>, <MovieAdvanced.com>, and <MovieAdvanced.org>, including the wrongdoing alleged herein. Pages from <MovieAdvanced.com>, which is virtually identical to <MovieAdvanced.net> and <MovieAdvanced.org>, are attached as Exhibit 4 hereto.

11.     Defendant MultiMedia Reactor LLC has its principal place of business in Florida. Defendant MultiMedia Reactor LLC directs and controls, and at all relevant times has directed and controlled, the activities of <MultiMediaReactor.net>, <MultiMediaReactor.com>, and <AllMovieDownloads.com>, including the wrongdoing alleged herein. Pages from <MultiMediaReactor.net>, which is virtually identical to <MultiMediaReactor.com>, are attached as Exhibit 5 hereto. Pages from <AllMovieDownloads.com> are attached as Exhibit 6 hereto.

12.     Defendant Saul Puler is a resident of New York who directs and controls, and at all relevant times has directed and controlled, the activities of <MyKazaa.com>, including the wrongdoing alleged herein. Pages from <MyKazaa.com> are attached as Exhibit 7 hereto.

13.     Defendant Marc Molinaro is a resident of Texas who directs and controls, and at all relevant times has directed and controlled, the activities of <TVShows.org> and <TVNow.org>, including the wrongdoing alleged herein. Pages from <TVShows.org>, which is virtually identical to <TVNow.org>, are attached as Exhibit 8 hereto.

14.     Defendant John Doe #1 directs and controls, and at all relevant times has directed and controlled, the activities of <FreeDVDDirect.com> and <MyKazaaGold.com/Movies>, including the wrongdoing alleged herein. These websites accepted payments through a Florida address but are registered anonymously through the

Arizona firm Domains By Proxy.  The identity of Doe #1 and his state of residence cannot be established at this time without discovery.  Pages from<FreeDVDDirect.com> are attached as Exhibit 9 hereto.  Pages from <MyKazaaGold.com/Movies> are attached as Exhibit 10 hereto.

15.    Defendant John Doe #2 directs and controls, and at all relevant times has directed and controlled, the activities of <Flix-Online.com>, including the wrongdoing alleged herein.  This website is registered anonymously through the Arizona firm Domains By Proxy.  The identity of Doe #2 and his state of residence cannot be established at this time without discovery.  Pages from <Flix-Online.com> are attached as Exhibit 11 hereto.

16.    Defendant John Doe #3 directs and controls, and at all relevant times has directed and controlled, the activities of <MovieBeyond.com> and <MovieSonar.com>, including the wrongdoing alleged herein.  These websites are registered anonymously through the Arizona firm Domains By Proxy.   The identity of Doe #3 and his state of residence cannot be established at this time without discovery.  Pages from <MovieBeyond.com> as it appeared in March 2006 are attached as Exhibit 12 hereto.  Pages from <MovieSonar.com> are attached as Exhibit 13 hereto.

17.    Defendant John Doe #4 directs and controls, and at all relevant times has directed and controlled, the activities of <MoviesDirectPro.com>, including the wrongdoing alleged herein.  This website is registered anonymously through the Florida firm Moniker Privacy Services.  The identity of Doe #4 and his state of residence cannot be established at this time without discovery.  Pages from <MoviesDirectPro.com> are attached as Exhibit 14 hereto.

18.    Defendant John Doe #5 directs and controls, and at all relevant times has directed and controlled, the activities of <Unlimitedownloads.com>, including the wrongdoing alleged herein.  This website is registered anonymously through the Maryland firm Bulk

Register. The identity of Doe #5 and his state of residence cannot be established at this time without discovery. Pages from <Unlimitedownloads.com> are attached as Exhibit 15 hereto.

19.     Defendant John Doe #6 directs and controls, and at all relevant times has directed and controlled, the activities of <TV.org> and <TVCentral.org>, including the wrongdoing alleged herein. These websites are registered anonymously through the Washington firm Whois Privacy Protection Service, Inc. The identity of Doe #6 and his state of residence cannot be established at this time without discovery. Pages from <TV.org>, which is virtually identical to <TVCentral.org>, are attached as Exhibit 16 hereto.

## JURISDICTION AND VENUE

20.     As this case arises under the Copyright Act, 17 U.S.C. § 101, *et seq.* and the Lanham Act, 15 U.S.C. § 1125, jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a), (b).

21.     This Court has personal jurisdiction over the Defendants in that each of them has had continuous and ongoing business contacts with residents of the state of New York through, among other things, the ownership or control of one or more interactive websites aimed at residents of New York and this District, through which subscription agreements are entered into with residents of New York and this District; by intentionally engaging in acts that have caused harm to Plaintiffs in New York and in this District; and by engaging in the wrongful acts alleged herein in New York and in this District. For the same reasons, venue lies in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## DEFENDANTS' WRONGFUL CONDUCT

22.     Motion picture studios distribute their copyrighted works through a variety of channels, including theatrical release, pay-per-view, on DVDs and videocassettes made

available to the public for rent or sale, through authorized Internet distribution services such as Movielink, and through over-the-air broadcasts, among others.  Piracy of filmed entertainment has long been a problem for the motion picture industry, but at no time has the threat been more urgent than now, in the Internet age, when unauthorized digital copies of motion pictures are being distributed worldwide over the Internet.  This infringement has been repeatedly and accurately described in the courts and elsewhere as "massive" and "epidemic," and the injury it is inflicting on one of the nation's most vibrant industries is enormous.

23.     Defendants' objective is to capitalize on this wave of unlawful activity. Through the websites named herein, Defendants charge their customers "membership" fees in exchange for substantial assistance in locating and downloading infringing copies of copyrighted motion pictures, including films owned by Plaintiffs.  Defendants' own statements, as well as their business models, reveal that they intend that consumers use their websites for infringing purposes.

24.     As the attached exhibits make plain, each website operated by the Defendants invites, encourages, and induces copyright infringement.  For example:

a.     <Learn.Download-Secrets.com> invites prospective customers to "download full length movies of every type, old and new," including "movies that have only just premiered and occasionally . . . even . . . movies before they premiere!"  Ex. 3. No aspect of Internet piracy is more threatening to the motion picture industry than the one promised here—that a studio's film will be stolen and uploaded to the Internet before a single ticket to it is sold.  This website also urges customers to "download complete series of TV shows like Buffy, Sopranos, Seinfeld or Lost.  You can download TV shows from around the world just hours after first broadcast or DVD release." *Id.*

8

     b.        &lt;MultiMediaReactor.net&gt;, &lt;MultiMediaReactor.com&gt;, and &lt;AllMovieDownloads.com&gt;, operated by Defendant MultiMedia Reactor, LLC, also promise access to "movies that are currently playing in the theater to old movie classics. We'll show you how to quickly access all of them!" Exs. 5, 6. "Why spend all your hard-earned money renting videos?" these websites ask, when the films can be stolen in unlimited numbers through any one of these websites? *Id.*

     c.        &lt;TVShows.org&gt; and &lt;TVNow.org&gt; urge prospective customers to "Stop paying for cable, DVD rentals and even going to the movies," and, instead, to "Get access to millions of TV Shows, Movies and Programs instantly" through the websites. Ex. 8.

     d.        &lt;IShareIt.com&gt; and &lt;Flixs.com&gt; promise access to "1 BILLION MUSIC [sic], MOVIES and VIDEOS . . . !" Ex. 2. &lt;FreeDVDDirect.com&gt; likewise promises access to "UNLIMITED FREE DOWNLOADS OF ALL YOUR FAVORITE MOVIES." Ex. 9. &lt;MyKazaaGold.com/Movies&gt; proclaims that users will be able to get "FREE MOVIE DOWNLOADS RIGHT FROM THE THEATER TO YOUR HOME!" Ex. 10. &lt;MoviesDirectPro.com&gt; promises access to "Full Length DVD Quality Movies" and "Whole Season's [sic] of TV shows." Ex. 14. The websites operated by other Defendants make similar promises. *See* Exs. 5, 13, 15.

     25.      Each website operated by the Defendants provides material and substantial assistance to the illegal downloading it induces its customers to conduct. For example, all of the Defendants offer their customers personalized assistance with downloading, either by e-mail, telephone, on-line chat, or web form. All of the websites provide customers with file-copying technology and detailed instructions for using that technology to download copyrighted motion

pictures and television programs, including on some sites detailed user guides, manuals, and even step-by-step video tutorials. *See* Exs. 4, 5, 7, 11, 16.

26.     The value of the material assistance the Defendants provide is reflected in the substantial membership fees they collect from their customers. The fees charged to customers range from "trial memberships" priced at under $5 to "lifetime memberships" costing approximately $40. Because the actual file-copying software these websites help customers install is freeware available on the Internet, the fees charged are for the services rendered. As two of the Defendants explain on their websites: "The software is free. You are paying for the online help and support and the online tutorials for the lifetime of the membership." Exs. 9, 16; *see* Exs. 5, 6 (employing substantially similar language).

27.     The value of the services that the Defendants provide through their websites is also evidenced by the testimonials posted on some of the websites. For example, "M. O'Brien," a customer of <MoviesDirectPro.com>, states, "Every movie I've ever wanted to watch I can download and watch on my TV. I can download movies that the video store doesn't even have! Thanks . . . ." Ex. 14. Similarly, "J. Star," also a customer of <MoviesDirectPro.com>, writes, "Thanks for helping me use your service, you've got great member support. I didn't realize how easy it is to download movies over the internet [sic]." *Id.*; *see* Ex. 5 (testimonials posted on <MultiMediaReactor.net>), Ex. 15 (testimonials posted on <Unlimitedownloads.com>).

28.     Despite the illegal nature of the Defendants' websites and the services offered thereon, the Defendants utilize various techniques and methods to give potential and actual customers the false impression that the websites and their services are legal. For example:

10

a.      The <IShareIt.com>, <Flixs.net>, <FreeDVDDirect.com>, <MyKazaaGold.com/Movies>, <MoviesDirectPro.com>, <MovieBeyond.com>, <MultiMediaReactor.net>, <MultiMediaReactor.com>, <AllMovieDownloads.com>, <TVShows.org> and <TVNow.org> websites post or have posted cover art associated copyrighted television programs and/or recently released copyrighted films.  Exs. 2, 9, 10, 14, 12, 5, 6, 8.

b.      <Learn.Download-Secrets.com> posts the titles of hundreds of copyrighted films and television programs that are available through the website, including Fox's "Dodgeball: A True Underdog Story" and Warner Bros.' "Batman Begins," among other Fox and Warner Bros. films.  Ex. 3.  Similarly, <IShareIt.com> and <Flixs.net> post "drop down" lists of copyrighted films "now downloadable" through those websites.  Ex. 2.

c.      <FreeDVDDirect.com> and <MyKazaaGold/Movies> offer users search functionality that allows users to search for virtually any film.  In response to the requested search, the websites post the title and promotional image of the particular film sought, next to a "Download Now" icon.  Exs. 9, 10.

d.      The operators of the <FreeDVDDirect.com>, <Flix-Online.com>, <MovieAdvanced.com>, <MoviesDirectPro.com>, <MultiMediaReactor.net>, <TVNow.org>, and <TV.org> websites purchase "sponsored links" on Internet search engines that are designed to attract customers looking for ways to download copyrighted motion pictures and television programs.  For example, a Google user who searches the term "download Walk the Line"—referencing the award-winning Fox film—is provided with a link to <MoviesDirectPro.com>.  Likewise, Doe #6, the operator of <TV.org>,

purchased sponsored links on Google for the search terms "download Survivor" and "download Lost," which reference popular copyrighted television shows. Defendants' sponsored links also seek customers who enter more generic search terms such as "download movies" or "download movies legally."

     e.    <MoviesDirectPro.com> and <Unlimiteddownloads.com> claim falsely that their download services have been praised by legitimate news organizations, such as CNN and PC Magazine. Exs. 14, 15. Similarly, <FreeDVDDirect.com> and <MovieBeyond.com> compare themselves to legal, licensed downloading services, such as iTunes and Napster. Exs. 9, 12.

     f.    A few of the Defendants are so brazen as to directly (mis)state that their service is legal. <MyKazaa.com>, <TVShows.org>, <TVNow.org>, <TV.org>, and <TVCentral.org> all post the same or essentially same falsehood:

> The tools we present to you on this website, [sic] are 100% legal, using them is still 100% legal, and of course, membership to this website is 100% legal. You can be assured that File-Sharing is 100% legal, MP3s are 100% legal, and your membership . . . is 100% legal.

Exs 7, 8, 16.

    29.    Despite the foregoing statements and conduct, Defendants are well aware that their websites and the downloading conduct they facilitate are illegal. Indeed, a number of them explain to their customers how to avoid getting caught and prosecuted for the infringing downloads they invite and assist. Recognizing the risks of litigation their customers face for downloading films and television programs from the Internet, the websites <Flix-Online.com>, <MultiMediaReactor.net>, <MultiMediaReactor.com>, <AllMovieDownloads.com>, <MyKazaa.com>, <TVShows.org>, <TVNow.org>, <TV.org>, and <TVCentral.org> recommend that their customers disable the "uploading" or "sharing" capabilities of their file-

copying applications. Exs. 11, 5, 6, 7, 8, 16. These websites and others provide links to a webpage hosted by the Electronic Frontier Foundation titled "How Not To Get Sued By The RIAA For File-Sharing," which offers additional advice on avoiding copyright infringement lawsuits. *See* Exs. 5, 6, 11.. And the proprietors of <MyKazaa.com>, <TVShows.org>, <TVNow.org>, <TV.org>, and <TVCentral.org> recommend that their customers use "MP3Guard.com," a third-party service that "completely hide[s] your activity from the eyes of the RIAA and any government authority." Exs. 7, 8, 16.

30. Through all of their websites, Defendants engage in conduct that is designed to induce, encourage, facilitate, and assist the unauthorized downloading of copyrighted works, including Plaintiffs' copyrighted motion pictures and television programs, despite Defendants' knowledge that such conduct is patently illegal.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement Pursuant to 17 U.S.C. § 501 *et seq.*)

31. Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 30 as if fully set forth herein.

32. Through their Internet-based businesses facilitating the illegal downloading of motion pictures and television programs, Defendants knowingly induce, cause, and/or materially contribute to the unauthorized reproduction and distribution of copies of copyrighted motion pictures and television programs by their customers, in violation of Plaintiffs' exclusive rights under the copyright laws of the United States. Defendants have the right and ability to control their customers' infringing activities, and, at all relevant times, Defendants have derived direct financial benefit from the infringement of Plaintiffs' copyrights.

33.     Motion pictures and television programs owned by Plaintiffs have been illegally downloaded through Defendants' websites, and with their assistance.  Plaintiffs own the copyrights, or the exclusive reproduction and distribution rights, in the motion pictures and television programs listed on Exhibit 1, which have been downloaded through Defendants' websites as indicated on that exhibit.

34.     The foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiffs' rights.

35.     As a direct and proximate result of Defendants' infringement of Plaintiffs' copyright and exclusive rights under copyright, Plaintiffs are entitled to damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

36.     Alternatively, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for all individual infringements involved in the action with respect to any one work for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

37.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

38.     Defendants' conduct threatens to cause, and is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringements of their copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF

(For Unfair Competition Pursuant to 15 U.S.C. § 1125(a))

39.     Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

40.     By, among other things, featuring Plaintiffs' promotional materials (*i.e.*, Plaintiffs' posters or "one-sheets" used to advertise and promote popular films and television programs), by arranging to have their websites appear as "sponsored links" in response to queries for Plaintiffs' motion pictures and television programs on popular Internet search engines, by posting "drop-down" menus, lists of, and other explicit references to Plaintiffs' motion pictures and television programs ostensibly available for downloading through their websites, and by proclaiming or suggesting that their Internet-based services that facilitate the downloading of copyrighted motion pictures and television programs are legal, Defendants have and are engaged in conduct likely to confuse or deceive consumers into incorrectly believing that their websites and services are legal, authorized, endorsed, sponsored, approved, and/or licensed by Plaintiffs. This conduct constitutes unfair competition and violates 15 U.S.C. § 1125(a).

41.     Defendants' actions are intended to cause, are likely to cause, have caused, and, unless enjoined, will continue to cause consumers to be confused or deceived into incorrectly believing that their websites and services are authorized, endorsed, sponsored, approved, and/or licensed by Plaintiffs.

42.     Because Defendants are violating Plaintiffs' rights with the purpose and intent of causing confusion and deception, Plaintiffs are entitled to the remedies set forth in 15 U.S.C. § 1117, as well as preliminary and permanent injunctive relief.  Defendants' acts involve

15

such circumstances that treble damages and reasonable attorneys' fees and costs should be assessed against Defendants pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

43.     For a preliminary and permanent injunction enjoining Defendants and their respective agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with each or any of them, from:

(a)     inducing, aiding, encouraging, enabling, causing, materially contributing to, or otherwise facilitating the illicit reproduction, downloading, uploading, and/or distribution of copies of Plaintiffs' copyrighted works, whether through the websites named herein, or through any other means;

(b)     engaging in unfair competition by using Plaintiffs' promotional materials and/or film or television titles in commerce without authorization and/or otherwise operating their websites in a manner that is likely to confuse or deceive consumers into believing, incorrectly, that Defendants' websites and services are authorized, endorsed, sponsored, approved, and/or licensed by Plaintiffs.

44.     For Defendants' profits in such amount as may be found.

45.     For all statutory and other damages to which Plaintiffs may be entitled.

46.     For prejudgment interest according to law.

47.    For Plaintiffs' attorneys' fees, full costs, and disbursements in this action.

48.    For such other and further relief as the Court may deem proper and just.

WILLIAMS & CONNOLLY LLP

By: _____

Paul B. Gaffney (PG 7800)
Christopher N. Manning (CM 4231)
Judith G. Becker (JB 2672)
Emily E. Thacher-Renshaw (ET 4159)

725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

*Attorneys for Plaintiffs*

May 3c, 2006

17